IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAILLIARD L. KING.

       Plaintiff,                   No. CIV S-10-3216 GEB GGH P

   vs.

M.C. SAYRE, et. al.,

       Defendants.           <u>ORDER</u>

_____/

       Plaintiff is a state prisoner proceeding pro se and in forma pauperis.  He seeks relief pursuant to 42 U.S.C. § 1983.

       On February 25, 2011, the court dismissed the original complaint with leave to amend in 28 days.  The court noted that plaintiff alleged defendants were deliberately indifferent to his serious medical needs, yet plaintiff failed to identify his medicals needs or how defendants violated his constitutional rights.  Plaintiff's request for an extension of time to file an amended complaint was granted and the amended complaint was to be due on May 22, 2011.

       On April 21, 2011 plaintiff filed a motion (Doc. 18) for medical care that the court construed as a motion for a preliminary injunction.  Plaintiff stated that his chemotherapy treatment was stopped in the middle and when he filed an appeal; other treatment stopped. Plaintiff did not identify what he was receiving treatment for or what other treatment stopped.

1

Plaintiff then described how the (terminated) chemotherapy has adversely effected him, but he wanted the chemotherapy to continue as soon as possible.  On April 22, 2011, the court deferred ruling on the preliminary injunction noting there was no operative complaint in the case and the court could not determine the appropriate defendant or even the substance of plaintiff's claims. The court stated that plaintiff should file an amended complaint and then the court would rule on the preliminary injunction.  On May 11, 2011, plaintiff filed another motion for injunctive relief. Plaintiff has still not filed an amended complaint but requested an extension to file an amended complaint on May 17, 2011.

The court will defer ruling on plaintiff's May 11, 2011, motion for injunctive relief for the same reasons regarding the prior motion for injunctive relief.  In the new motion, plaintiff lists four defendants who are either wardens or guards at the facility, however in the body of the motion, the defendants are not mentioned and there is no reference to any specific acts by the defendants.  Plaintiff generally states that the defendants are retaliating against him and illegally placed him in Ad. Seg. but provides no specific information.  More importantly, plaintiff states that his medical care is being interrupted and discontinued, including his chemotherapy.  While this could prove serious, plaintiff does not identify any defendant meddling with his medical treatment, and none of the defendants are doctors.  It is not clear, and plaintiff does not say, how guards or wardens are responsible for ending medical treatment. Plaintiff also needs to be more specific about his medical problems and the exact aspects of his medical care that are being denied.  Simply saying his chemotherapy was stopped is insufficient. Plaintiff should describe his medical problems, what treatment is being discontinued, how that is affecting him and what defendants are responsible.  Plaintiff should not just annex exhibits to a motion to present this information.

Plaintiff has also requested the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298

1   (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of

2   counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.

3   1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, at

4   this time, the court does not find the required exceptional circumstances.  Plaintiff's motion for

5   the appointment of counsel will therefore be denied without prejudice.

6                    Accordingly, IT IS HEREBY ORDERED that:

7                    1.  The court will defer ruling on the May 11, 2011, motion for injunctive relief

8   until an amended complaint is filed;

9                    2.  Plaintiff's May 17, 2011, motion for a 30 day extension (Doc. 21) to file an

10   amended complaint is granted and plaintiff shall file an amended complaint by July 1, 2011.

11                   3.  Plaintiff's May 23, 2011, motion to appoint counsel (Doc. 23) is denied,

12   without prejudice;

13                   4.  The Clerk of the Court shall send plaintiff a copy of the February 25, 2011,

14   (Doc. 13) screening order.

15   DATED: June 10, 2011

16

17                                        /s/ Gregory G. Hollows
                                     _____
18                                   GREGORY G. HOLLOWS
                                     UNITED STATES MAGISTRATE JUDGE
19   GGH:AB
     king3216.ord2

20

21

22

23

24

25

26