IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAILLIARD L. KING.

   Plaintiff,         No. CIV S-10-3216 GEB GGH P

  vs.

M.C. SAYRE, et. al.,

   Defendants.    ORDER
_____/

   Plaintiff is a state prisoner proceeding pro se and in forma pauperis who seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff's original complaint was dismissed with leave to amend and on June 28, 2011, plaintiff filed a first amended complaint.

   The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

   A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

1

(9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." <u>Id.</u>, quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff alleges defendants were deliberately indifferent to his serious medical needs.  In the original complaint, plaintiff had failed to identify his serious medical needs or the actions of the individual defendants.  In the court's screening order (Doc. 13) plaintiff was informed that he must provide additional details.  Plaintiff also filed two motions for preliminary injunctions prior to filing the instant first amended complaint.  The court chose to defer ruling on

the injunctions until there was an operative complaint. The court also noted that the two motions for injunctions did not describe specifically plaintiff's medical problems or the appropriate defendants responsible. In two separate orders (Docs. 19, 26), the court again stated that plaintiff must describe his medical problems and the actions of defendants in more detail. Simply saying that he has serious liver problems and defendants are generally being deliberately indifferent is insufficient.

Unfortunately, plaintiff's first amended complaint has failed to cure many of the deficiencies of the prior complaint. As stated before, incidents that occurred in Pelican Bay State Prison which is in the Northern District of California, must be filed in a separate complaint in that district. With respect to the claims that occurred at CSP-Solano, in this district, plaintiff has, with respect to his alleged liver problem, not described his medical conditions or the actions of the defendants. Plaintiff states he has end stage liver disease and a low platelet count, but not how defendants were deliberately indifferent. Plaintiff also mentions that he had problems with his jaw and back tooth, but no other details.

With respect to plaintiff's wrist injury, while he has provided specific details, there is no indication of deliberate indifference by defendants. Plaintiff states that on April 9, 2009, he requested medical assistance for a broken wrist. On April 16, 2009, a doctor ordered urgent surgery. Plaintiff seems to allege that it was not until December 2009 that he received the wrist surgery. However, in plaintiff's Exhibit E attached to his first amended complaint, it states that plaintiff was admitted on May 1, 2009, at Queen of the Valley Medical Center, where he received an "uncomplicated open reduction and internal fixation of the lest distal radius", and was discharged on May 4, 2009. Thus it appears that plaintiff received surgery in a timely manner and the report states that plaintiff should use a removable wrist splint and begin wrist motion the following week. Plaintiff received surgery in a timely manner so it is not clear the

////

////

basis for this claim.[1]

In short, plaintiff has not set forth claims plausible on their face as required by Iqbal. Plaintiff universally concludes that nearly all involved medical personnel fabricated, and or destroyed, documents of some uncertain value to the case–not plausible in the absence of facts demonstrating what plaintiff concludes. Plaintiff does report serious medical conditions, but leaves undescribed for certain problems, e.g., liver, any actions which would constitute deliberate indifference to those conditions, even with inferences being drawn in plaintiff's favor. Where plaintiff does set forth facts which might constitute deliberate indifference, e.g., undue delay in wrist surgery, the allegations are contradicted by the exhibits *plaintiff* attaches to his complaint.

Plaintiff's first amended complaint will be dismissed and he will be granted leave to file a second amended complaint within 28 days of service of this order. No further amendments will be allowed as plaintiff has already been sufficiently advised the proper manner to amend the complaint with respect to his prior complaint and his multiple injunctions. Plaintiff would do well to organize his complaint by medical problem instead of hopping back and forth between various problems. Plaintiff must describe in a plausible and concise manner what specific defendants did to exacerbate (make worse) or ignore a serious medical problem. Plaintiff would do well not to assert conclusions of misconduct without alleging underlying facts to bak up those conclusions.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original

---

[1] To the extent plaintiff alleges the two week delay in receiving the surgery constitutes a cognizable claim, plaintiff is incorrect. Mere delay in medical treatment without more is insufficient to state a claim of deliberate medical indifference. Shapley v. Nevada Bd. of State Prison Com'rs, 766 F.2d 404, 407 (9th Cir. 1985).

1  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
2  original complaint, each claim and the involvement of each defendant must be sufficiently
3  alleged.
4        In accordance with the above, IT IS HEREBY ORDERED that plaintiff's first
5  amended complaint is dismissed for the reasons discussed above, with leave to file a second
6  amended complaint within twenty-eight days from the date of service of this Order.  No further
7  amendments will be allowed.  Failure to file an amended complaint will result in a
8  recommendation that this action be dismissed.
9  DATED: July 22, 2011

                    /s/ Gregory G. Hollows
                UNITED STATES MAGISTRATE JUDGE

GGH:AB
king3216.b2