IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAILLIARD L. KING.

       Plaintiff,                        No. CIV S-10-3216 GEB GGH P

   vs.

M.C. SAYRE, et. al.,

       Defendants.             FINDINGS AND RECOMMENDATIONS

/

Plaintiff is a state prisoner proceeding pro se and in forma pauperis who seeks relief pursuant to 42 U.S.C. § 1983.  Plaintiff's first amended complaint was dismissed with leave to amend.  Plaintiff has filed a second amended complaint, Doc. 30, fashioned as a "Motion for Judicial Notice."  Essentially, in his motion, plaintiff complains that his pleadings are not being liberally construed, and that "brilliant minds" are not needed to understand this fact. However, fairness in litigation is a two way street, and although the court should not require a pro se plaintiff to adhere to strict standards of grammar and pleading, giving such plaintiff the benefit of any legitimate doubt, defendants, on the other hand, have a right not to be brought to court without at least a minimal understanding of why they are defendants.  In addition, if as a matter of law it appears that plaintiff's allegations do not rise to the level of deliberate indifference *against a defendant plaintiff has chosen to sue*, and against who understandable

1

allegations have been made, fairness again dictates that such a defendant not be distracted from their official duties in order to respond to a case with no merit. Both situations exist here and the undersigned will recommend final dismissal after again reviewing the First Amended Complaint, the last pleading with substantive allegations.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.

Case 2:10-cv-03216-GEB-GGH   Document 31   Filed 09/19/11   Page 3 of 6

1   1843 (1969).

2            Plaintiff alleges defendants were deliberately indifferent to his serious medical
3   needs.  In the original complaint, plaintiff had failed to identify his serious medical needs or the
4   actions of the individual defendants.  In the court's screening order (Doc. 13) plaintiff was
5   informed that he must provide additional details.  Plaintiff also filed two motions for preliminary
6   injunctions prior to filing the prior first amended complaint.  The court chose to defer ruling on
7   the injunctions until there was an operative complaint.  The court also noted that the two motions
8   for injunctions did not describe specifically plaintiff's medical problems or the appropriate
9   defendants responsible.  In two separate orders (Docs. 19, 26), the court again stated that plaintiff
10  must describe his medical problems and the actions of defendants in more detail.  Simply saying
11  that he has serious liver problems and defendants are generally being deliberately indifferent is
12  insufficient.

13           Unfortunately, plaintiff's first amended complaint failed to cure many of the
14  deficiencies of the prior complaint and was dismissed with leave to amend in an extremely
15  extensive screening order (Doc. 29) that identified the problems that needed to be corrected.
16  Plaintiff's instant second amended complaint contains even fewer details regarding his liver
17  problems than the prior complaint and fails to demonstrate any Eighth Amendment violations.
18  Similarly, plaintiff's claim regarding the oral surgeon contains no allegations whatsoever.
19  Plaintiff's second amended complaint only contains sufficient details concerning his wrist injury
20  to warrant further discussion.

21           Plaintiff states that on April 9, 2009, at CSP-Solano he requested medical
22  assistance for a broken wrist.  On April 16, 2009, a doctor ordered urgent surgery.  Plaintiff was
23  admitted on May 1, 2009, at Queen of the Valley Medical Center, where he received an
24  "uncomplicated open reduction and internal fixation of the lest distal radius," and was discharged
25  on May 4, 2009.  Plaintiff was then advised to use a removable wrist splint and begin wrist
26  motion the following week.  The few weeks it took for plaintiff to be evaluated and then taken to

3

an outside hospital fails to demonstrate that any defendant demonstrated deliberate indifference.[1]

On December 23, 2009, plaintiff was seen by a doctor who stated that plaintiff needed "to be referred to the UC Davis Hand Clinic for a corrective osteotomy and bone grafting on the left distal radius. He does have a significant malunion which really needed to be addressed several months ago." Second Amended Complaint (SAC) at 46. Prior to this appointment plaintiff had been on a medical hold and could not be transferred to another prison. SAC at 49. It is not clear if the medical hold was due to plaintiff's wrist problem, but on December 24, 2009, plaintiff was cleared for a transfer by defendant Dr. Traquina. Id.

Plaintiff was transferred to San Quentin State Prison, where on January 14, 2010, doctors at that prison noted plaintiff's wrist injury and stated that he needed to be referred to a hand specialist and there should be follow up in two weeks. SAC at 94-95.

Plaintiff was then transferred to Pelican Bay State Prison (PBSP), though it does not appear that plaintiff ever received the hand surgery. On March 1, 2010, a doctor at PBSP noted that plaintiff was seen by orthopedists at CSP- Solano and San Quentin and he should be referred to an orthopedist at PBSP. It is not clear what transpired at PBSP between March 1, 2010 and September 2010. It appears that in September 2010 when plaintiff had been approved for surgery, the surgery could not take place because plaintiff's platelet count was too low.[2] San Quentin State Prison and PBSP are located in the Northern District of California and if plaintiff wishes to pursue claims regarding events that occurred at those institutions they must be brought separately in a case in the Northern District.[3]

---

[1] Plaintiff's prior complaint neglected to state that he received surgery in May and made it appear that six months or so had passed. It was review of his exhibits to the prior complaint that revealed this omitted, rather significant, detail.

[2] Plaintiff has hepatitis C, worsening his liver condition.

[3] The undersigned notes that this case was transferred to this district from the Northern District of California. If plaintiff files another case in the Northern District he should not focus the complaint on events that occurred in CSP- Solano

Ultimately plaintiff has failed to show that any defendants at CSP-Solano were deliberately indifferent to his serious medical needs regarding his wrist between April and December 2009. As stated above, plaintiff has failed to show a violation of the Eighth Amendment when defendants first became aware of the wrist injury and provided surgery within a few weeks. Plaintiff also generally states that defendants conspired to fabricate documents and cancelled appointments to prevent any further surgery. However, plaintiff has failed to provide sufficient allegations to support this claim. Ultimately, plaintiff has failed to set forth claims plausible on their face as required by Iqbal.

A review of the exhibits attached by plaintiff indicate that he was seen on at least the following occasions after his surgery by staff at CSP-Solano regarding his wrist: May 15, 2009, June 1, 2009, June 6, 2009, July 22, 2009, August 11, 2009 and September 18, 2009. Plaintiff was then referred to an outside orthopedist who in December 2009, said plaintiff should be seen by the UC Davis Hand Clinic. Not only has plaintiff failed to demonstrate deliberate indifference, it appears that he received adequate care. There is no indication that plaintiff needed additional wrist surgery until the December 2009 appointment.

Regarding plaintiff's transfer it cannot be shown that Dr. Traquina was deliberately indifferent. It appears that plaintiff's transfer was held due to his medical reasons and only after he received the wrist examination did the transfer occur. It cannot be shown that Dr. Traquina was deliberately indifferent for allowing plaintiff to be transferred to another prison when plaintiff needed wrist surgery which could occur through another prison. That plaintiff did not receive the wrist surgery at the other prisons cannot be attributed to Dr. Traquina.

For all these reasons, the second amended complaint should be dismissed. As the undersigned has reviewed several complaints and several injunctions and plaintiff has still failed to present cognizable claims, this action should be dismissed with prejudice. The undersigned has reviewed all of plaintiff's claims and exhibits in detail and no amount of amendment would allow plaintiff to present actionable claims against any defendants in this district.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's second amended complaint be dismissed with prejudice and this case closed;

2. As plaintiff has failed to present an actionable complaint plaintiff's motions for injunctive relief (Docs. 18, 19) should also be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 16, 2011

        /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:AB
king3216.b3